In re: Jereld Joe MICHAEL, a/k/a Jerry Michael; In re: Shirley Kay Michael, Debtors.

Craig T. Martinson, Esq., Appellant,

v.

Jereld Joe Michael; Shirley Kay Michael, Appellees.

No. 97–35552.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 8, 1998.[*]

Decided Dec. 4, 1998.

---

* The panel unanimously finds this case suitable for submission without oral argument pursuant to

See also: 183 B.R. 230.

Craig D. Martinson, Billings, Montana, trustee and appellant.

Floyd A. Brower, Roundup, Montana, for the appellees.

Before: FERGUSON, BOOCHEVER, and REINHARDT, Circuit Judges.

BOOCHEVER, Circuit Judge:

Jereld and Shirley Michael amended their voluntary petition for bankruptcy relief under Chapter 7 to claim a homestead exemption. Upon an earlier remand from this court, the Bankruptcy Appellate Panel reversed the Bankruptcy Court and held that the Michaels could amend their schedule to claim the exemption. We affirm.

Fed. R.App. P. 34(a) and 9th Cir. R. 34–4.

## FACTS

In 1979, Jereld J. and Shirley K. Michael, husband and wife, purchased real property in Yellowstone County, Montana. The Michaels entered into a mortgage as security for a loan. The Michaels have lived on the property and treated it as their home from the date of purchase.

In January 1991, the Michaels filed a voluntary petition for bankruptcy relief under Chapter 7, 11 U.S.C. § 101 et seq. They failed, however, to record a declaration of homestead as required by Montana law. Mont.Code Ann. §§ 70-32-105, 106, 107. They subsequently filed the schedules of property and exhibits required by the Bankruptcy Code, but omitted to set forth their intent to claim the real property as exempt under the homestead exemption on their bankruptcy Schedule B-4. In March 1991, when they realized their error, the Michaels advised the trustee that they intended to claim their property as exempt under the homestead exemption. They had not, however, filed a Declaration of Homestead with the Clerk and Recorder of Yellowstone County as required under Montana law. The bankruptcy court granted the Michaels a discharge in May 1991. Two months later in July 1991, the Michaels filed an executed, acknowledged Declaration of Homestead with the county. In May 1992, the Michaels finally filed an amended Schedule B-4 listing their homestead as exempt property.

In November 1991, the trustee filed a complaint in the bankruptcy court for turnover of the property. The court entered judgment in favor of the trustee, denying the Michaels' claim that the property was exempt as their homestead. The bankruptcy court ruled that the Michaels' failure to file a homestead declaration before they filed their bankruptcy petition was fatal to their later attempt to claim the exemption, because the late declaration would not defeat the trustee's status as bona fide purchaser of the real property. The Michaels appealed to the United States District Court for the District of Nevada, which affirmed the bankruptcy court. The Michaels then appealed to this court.

We held that the trustee could not use any of his "strong arm" powers under 11 U.S.C. § 544(a) to defeat the Michaels' homestead exemption, and that the bankruptcy court erred in ruling that the Michaels could not claim a homestead exemption after the petition date. *In re Michael,* 49 F.3d 499 (9th Cir.1995) (per curiam). We added:

> The fact remains, however, that the Michaels did not amend their bankruptcy schedules to claim the exemption until more than a year after filing their petition. When they did so, the trustee objected. Because the bankruptcy court ruled-incorrectly-that section 544(a)(3) prevents the Michaels from claiming a homestead exemption after the petition date, it did not reach the separate question whether the Michaels could amend their schedules under the Federal Rules of Bankruptcy Procedure.

*Id.* at 502. We then vacated the district court's decision and remanded to the bankruptcy court for consideration of the amendment issue.

The bankruptcy court first rejected a proposed settlement as not fair and equitable to the trustee. *In re Michael,* 183 B.R. 230 (Bankr.D.Mont.1995). The court reasoned that the Michaels were barred from recording their post-petition homestead declaration by the automatic stay, and that the court would likely rule that the Michaels could not amend their schedules post-petition. *Id.* at 238. Because "[t]he Trustee is almost certain to prevail," the court ruled that the settlement would not be fair to the creditors. *Id.* at 239.

As it had predicted, the bankruptcy court ruled against the Michaels shortly thereafter. *In re Michael,* 185 B.R. 830 (Bankr.D.Mont. 1995). The court disallowed the homestead exemption and ordered the Michaels to turn the property over to the Trustee. *Id.* at 840.

The Michaels appealed to the Bankruptcy Appellate Panel ("BAP") of the Ninth Circuit. In an unpublished opinion [ER pp. 129-140], the BAP reversed the bankruptcy court, holding that the Michaels' post-petition amendment to their bankruptcy schedules was proper. The trustee appeals.

## DISCUSSION

"We are in as good a position as the BAP to review the bankruptcy court's decision, and so we review the decision independently." *In re Parker,* 139 F.3d 668, 671 (9th Cir.1998). This court reviews *de novo* the bankruptcy court's conclusions of law. *In re Saylor,* 108 F.3d 219, 220 (9th Cir.1997).

### I. *Claiming homestead exemption after date of petition in bankruptcy*

We have already held that the bankruptcy court erred in ruling that the Michaels could not claim a homestead exemption after the date of their bankruptcy petition. The issue was thus decided as the law of the case, and "one panel of an appellate court will not as a general rule reconsider questions which another panel has decided on a prior appeal in the same case." *Merritt v. Mackey,* 932 F.2d 1317, 1320 (9th Cir.1991) (quotations omitted). The trustee does not argue that any of the exceptions to the law of the case doctrine apply. *See id.* Therefore it is the law of the case that the Michaels could claim a homestead exemption after the date of their bankruptcy petition. We remanded, however, for a resolution of the question "whether the Michaels could amend their schedules under the Federal Rules of Bankruptcy Procedure." *In re Michael,* 49 F.3d at 502.

### II. *Amendment of schedules post-petition*

Whether the Michaels could amend their schedules post-petition is separate from the question whether the exemption was allowable. *See In re Sandoval,* 103 F.3d 20, 22 (5th Cir.1997) ("allowing an amendment claiming an exemption is different from allowing the exemption itself").

Bankruptcy Rule 1009(a) provides: "A voluntary petition, list, schedule, or statement may be amended by the debtor *as a matter of course* at any time before the case is closed." Bankr.R. 1009(a) (emphasis added); *In re Kahan,* 28 F.3d 79, 81 (9th Cir. 1994) (as amended). No court approval is required for an amendment, which is liberally allowed. *In re Doan,* 672 F.2d 831, 833 (11th Cir.1982) (per curiam) (interpreting similar language in former Bankruptcy Rule 110). A court may, however, deny the debtors leave to amend "on a showing of a debtor's bad faith or of prejudice to creditors." *Id.* at 833; *see In re Andermahr,* 30 B.R. 532, 533 (9th Cir.BAP 1983) (adopting *Doan* ); *In re Magallanes,* 96 B.R. 253, 255–56 (9th Cir.BAP 1988) (applying bad faith and prejudice exceptions to current Bankr. Rule 1009(a)).

The trustee does not argue that the case was closed. Bankruptcy Rule 5009 provides that a Chapter 7 case shall be closed when the trustee has filed a final report, and certifies without objection that the estate has been fully administered. A case is not closed simply because a discharge of the debtor has been granted. *See In re Myatt,* 101 B.R. 197, 199 (Bankr.E.D.Cal.1989) ("although the discharge was granted the day before the debtor filed his amended claim, the case was at that time, and is now, open").

Nor does the trustee argue that the Michaels acted in bad faith. *See In re Magallanes,* 96 B.R. at 256 ("A mere allegation of bad faith ... is insufficient; bad faith must be established by clear and convincing evidence."). The trustee makes no showing of prejudice to creditors. *See In re Doan,* 672 F.2d at 833 ("Simple delay in filing an amendment where, as here, the case is not closed does not alone prejudice creditors. Nor does prejudice to creditors occur merely because a claimed exemption, if held timely, would be granted."); *In re Myatt,* 101 B.R. at 200.

We hold that the Michaels' amendment of their schedule was permissible under the Bankruptcy Rules. This "implements the policy of liberally allowing the debtors to amend their exemption claims in order to enhance their fresh start." *In re Magallanes,* 96 B.R. at 256.

## CONCLUSION

We affirm the BAP's reversal of the bankruptcy court.