FILED

DEC 09 2014

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**ORDERED PUBLISHED**

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: ) | BAP No.   AZ-13-1502-JuKiD |
| ) | |
| IAN NEHEMIAH GRAY and CYNTHIA ) JACKSON GRAY, ) | Bk. No.   3:13-bk-8071-MCW |
| ) | |
| Debtors. ) | |
| _____ ) | |
| ) | |
| IAN NEHEMIAH GRAY; CYNTHIA ) JACKSON GRAY, ) | |
| ) | |
| Appellants, ) | |
| v.                          ) | **O P I N I O N** |
| ) | |
| LAWRENCE J. WARFIELD, ) Chapter 7 Trustee, ) | |
| ) | |
| Appellee. ) | |
| _____ ) | |

Argued and Submitted on November 20, 2014
at Phoenix, Arizona

Filed - December 9, 2014

Appeal from the United States Bankruptcy Court
for the District of Arizona

Honorable Randolph J. Haines, Chief Bankruptcy Judge, Presiding

_____

Appearances:    Kenneth L. Neeley, Esq. for appellants Ian
Nehemiah Gray and Cynthia Jackson Gray;
Terry A. Dake, Esq. for Lawrence J. Warfield,
Chapter 7 Trustee.

_____

Before:  JURY, KIRSCHER, and DUNN, Bankruptcy Judges.

JURY, Bankruptcy Judge:

Chapter 7 debtors[1] Ian and Cynthia Gray appeal from the bankruptcy court's order sustaining the chapter 7 trustee's objection to an amended exemption on the grounds of bad faith. Because the Supreme Court in Law v. Siegel, 134 S. Ct. 1188 (2014), determined that bankruptcy courts have no discretion either to disallow amended exemptions or to deny leave to amend exemptions based on equitable grounds not specified in the Bankruptcy Code, we VACATE and REMAND.

## I. FACTS

Ian and Cynthia Gray (Debtors) filed their chapter 7 petition and schedules on May 14, 2013. The schedules did not list as an asset or claim as exempt any prepaid rent. At the § 341(a) meeting of creditors on June 24, 2013, the chapter 7 trustee (Trustee) questioned Debtors about the payment of $2,707.00 made to their landlord on March 11, 2013. Debtors testified that the payment was a prepayment of rent for April, May, and June of 2013. On July 8, 2013, Trustee demanded turnover of $900.00 for the prepayment of the post-petition rent due for June 2013 (the June Prepaid Rent). Debtors responded by amending schedules B and C to respectively list as an asset and claim an exemption (the Amended Exemption) in the June Prepaid Rent. Because Debtors did not claim a homestead exemption, they

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and "Rule" references are to the Federal Rules of Bankruptcy Procedure.

-2-

were permitted to claim as exempt "prepaid rent, including security deposits . . . not exceeding the lesser of one thousand dollars or one and one-half months' rent." Ariz. Rev. Stat. Ann. § 33-1126(C).[2]

On July 9, 2013, Trustee filed an objection to the Amended Exemption and argued that Debtors' initial failure to disclose the asset constituted grounds for the denial of the exemption. Debtors filed their response on July 10, 2013, arguing that under Rule 1009(a) amendments to their schedules should be allowed as a matter of course because Debtors' failure to disclose did not amount to bad faith and Trustee failed to show prejudice to creditors.

After oral arguments from both parties, the bankruptcy court issued its order sustaining the objection on September 16, 2013. Without holding an evidentiary hearing, the bankruptcy court disallowed the Amended Exemption because Debtors acted in bad faith and intentionally concealed the June Prepaid Rent. Debtors filed a timely notice of appeal.

## II. JURISDICTION

The bankruptcy court had jurisdiction over this proceeding under 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (B). We have jurisdiction under 28 U.S.C. § 158.

## III. ISSUE

1. Whether the bankruptcy court has discretion either to disallow the Amended Exemption or to deny leave to amend an

---

[2] This reflects a prior version of Ariz. Rev. Stat. Ann. § 33-1126(C), effective from July 20, 2011 to September 12, 2013.

-3-

exemption based on a finding of bad faith; and

2.   Whether the bankruptcy court abused its discretion in deciding not to conduct an evidentiary hearing.

## IV.   STANDARD OF REVIEW

Questions of law are subject to de novo review. United States v. Lang, 149 F.3d 1044, 1046 (9th Cir. 1998). Questions of fact are reviewed under the clearly erroneous standard. Pullman-Standard v. Swint, 456 U.S. 273, 287 (1982).

The bankruptcy court's decision not to conduct an evidentiary hearing is reviewed for abuse of discretion. Khachikyan v. Hahn (In re Khachikyan), 335 B.R. 121, 128 (9th Cir. BAP 2005).

The bankruptcy court abuses its discretion when it applies the incorrect legal rule or when its application of the law to the facts is: (1) illogical; (2) implausible; or (3) without support in inferences that may be drawn from the facts in the record. United States v. Hinkson, 585 F.3d 1247, 1263 (9th Cir. 2009) (en banc).

## V.   DISCUSSION

**A. The Ninth Circuit Standard Before Law v. Siegel.**

The briefs before the Panel and the pleadings filed with the bankruptcy court identify two issues: whether the Amended Exemption is allowed under § 522 and whether Debtors may amend under Rule 1009(a) to claim the June Prepaid Rent as exempt. Martinson v. Michael (In re Michael), 163 F.3d 526, 529 (9th Cir. 1998) ("Whether the [debtors] could amend their schedules post-petition is separate from the question whether the exemption was allowable."). Trustee relied on the asserted bad

-4-

faith of the Debtors to disallow the Amended Exemption of the June Prepaid Rent under either theory.

The distinction is substantively meaningless: denying leave to amend the exemption of property has the identical effect as disallowing an amended exemption. In fact, even before the Supreme Court in Law v. Siegel made the distinction insignificant, Ninth Circuit case law had evolved such that the judge-made exceptions used to bar amendments under Rule 1009(a) were also used as grounds to disallow amended exemptions.

A claimed exemption is presumptively valid. Gonzalez v. Davis (In re Davis), 323 B.R. 732, 743 (9th Cir. BAP 2005). Rule 1009(a) gives debtors the right to amend any list, schedule, or statement "as a matter of course at any time before the case is closed" and without court approval. Michael, 163 F.3d at 529. The right to amend includes the right to amend the list of exempt property. Goswami v. MTC Distrib. (In re Goswami), 304 B.R. 386, 393 (9th Cir. BAP 2003).

Notwithstanding the unqualified and permissive language of Rule 1009(a), courts used judicially created exceptions to limit the right to amend without analyzing whether courts had the statutory authority to do so. The Eleventh Circuit in Doan v. Hudgins (In re Doan), 672 F.2d 831, 833 (11th Cir. 1982), first recognized that bankruptcy courts had discretion to deny leave to amend on a showing of either debtor's bad faith or prejudice to creditors based on its reading of Rule 110[3] (incorporated in

---

[3] Rule 110 stated that "(a) voluntary petition, schedule or statement of affairs may be amended as a matter of course at any
(continued...)

present Rule 1009(a)). Likewise, the Ninth Circuit adopted the equitable exceptions set forth in <u>Doan</u> without citing a specific statutory provision in the Bankruptcy Code. <u>Michael</u>, 163 F.3d at 529.

Bankruptcy courts subsequently used the same equitable considerations as grounds to disallow amended exemptions. In <u>Magallanes v. Williams (In re Magallanes)</u>, 96 B.R. 253 (9th Cir. BAP 1988), the bankruptcy court sustained the chapter 7 trustee's objection to amended exemptions claimed in a converted chapter 7 case. In adopting the test articulated in <u>Doan</u>, the Panel found that bankruptcy courts do not have discretion to disallow amended exemptions unless the amendment either was done in bad faith or caused prejudice to third parties. <u>Id.</u> at 256; <u>Arnold v. Gill (In re Arnold)</u>, 252 B.R. 778, 784 (9th Cir. BAP 2000).

Therefore, prior to <u>Law v. Siegel</u>, Ninth Circuit cases had used the bad faith of debtors both to deny leave to amend exemptions and to disallow an amended exemption. The bankruptcy court here relied on this precedent to disallow the Amended Exemption.

**B. The Supreme Court in <u>Law v. Siegel</u> Discredited the Use of Equitable Principles to Disallow Exemptions Under Federal Law.**

In <u>Law v. Siegel</u>, 134 S. Ct. 1188 (2014), the Supreme Court held that the bankruptcy court exceeded both its statutory authority and inherent powers when it ordered that the funds protected by the debtor's homestead exemption be surcharged to

_____

[3](...continued)
time before the case is closed."

-6-

pay administrative expenses. In the bankruptcy proceeding, the debtor had created and perpetuated a false trust deed against his home to protect any equity from administration by the chapter 7 trustee. Id. at 1193. Eventually the chapter 7 trustee invalidated the trust deed, and the bankruptcy court granted the chapter 7 trustee's motion to surcharge the debtor's homestead exemption to offset the very high administrative costs incurred in overcoming the debtor's fraudulent misrepresentations. Id.

The Supreme Court ruled that the debtor was entitled to exempt the equity in his home under § 522 and California exemption law, and the exempted funds were deemed "not liable for payment of any administrative expense" under § 522(k). Id. at 1195. Because the attorney's fees incurred by the chapter 7 trustee qualified as an administrative expense, the bankruptcy court's surcharge violated the express terms of § 522. Id.

Albeit in dicta, the Supreme Court found no equitable power in the bankruptcy court to deny an exemption as a remedy to debtor's bad faith conduct, Id. at 1196-97, and in so doing, implies that the judge-made exceptions of Michael do not survive Law v. Siegel.

The Supreme Court discerned no practical difference between disallowing an exemption and denying the debtor the right to amend an exemption: the Bankruptcy Code does not grant bankruptcy courts the "authority to disallow an exemption (or to bar a debtor from amending his schedules to claim an exemption, which is much the same thing)" based on a debtor's misconduct. Id. at 1196. The Supreme Court explicitly rejected the chapter

7 trustee's argument that <u>Doan</u> and other like cases reflect a general, equitable power in the bankruptcy courts. <u>Id.</u> Since the Ninth Circuit in <u>Michael</u> adopted the exceptions of bad faith and prejudice articulated in <u>Doan</u>, the effective abrogation of <u>Doan</u> necessarily extends to the use of these equitable grounds in <u>Michael</u>. <u>In re Arellano</u>, 517 B.R. 228, 232 (Bankr. S.D. Cal. 2014) (finding that at least as to the bad faith and prejudice exceptions, <u>Michael</u> is effectively abrogated).

Supreme Court dicta is not to be taken lightly, and we must consider the rationale behind the holding, if sufficiently persuasive. <u>Cnty. of Allegheny v. Am. Civil Liberties Union Greater Pittsburgh Chapter</u>, 492 U.S. 573, 668 (1989) (Kennedy, J., concurring in judgment in part and dissenting in part) ("As a general rule, the principle of *stare decisis* directs us to adhere not only to the holdings of our prior cases, but also their explications of the governing rules of law."). The Supreme Court's definitive position that the Bankruptcy Code does not grant bankruptcy courts "a general, equitable power . . . to deny exemptions based on a debtor's bad-faith conduct" is clearly irreconcilable with the use of judicially created remedies either to bar amendments or to disallow amended exemptions. <u>Law</u>, 134 S. Ct. at 1196; <u>Miller v. Gammie</u>, 335 F.3d 889, 893 (9th Cir. 2003) (holding prior circuit authority is effectively overruled where its reasoning or theory is clearly irreconcilable with the reasoning or theory of a higher authority).

Courts have long recognized that without the judge-made exceptions of <u>Michael</u>, bankruptcy courts have no discretion to

-8-

disallow amended exemptions. Magallanes, 96 B.R. at 256; Arnold, 252 B.R. at 784. Had debtor's entitlement to the exemption been at issue in Law v. Siegel, the Supreme Court dicta leaves no room to doubt how it would have ruled: "§ 522 does not give courts discretion to grant or withhold exemptions based on whatever considerations they deem appropriate." Law, 134 S. Ct. at 1196. The Supreme Court noted that sole discretion to invoke an exemption vests in the debtor, not the bankruptcy court, and observed that the bankruptcy court "may not refuse to honor the exemption absent a valid statutory basis for doing so." Id.

Here, but for the allegation of bad faith, the Amended Exemption is presumptively valid. Arizona opted out of the federal exemptions provided by the Bankruptcy Code. Ariz. Rev. Stat. Ann. § 33-1133(B). Debtors are entitled to exempt the $900.00 of prepaid rent under Ariz. Rev. Stat. Ann. § 33-1126(C). Moreover, Trustee did not challenge the legal sufficiency of the Amended Exemption.

Thus, Law v. Siegel mandates the conclusion that the bankruptcy court is without federal authority to disallow the Amended Exemption or to deny leave to amend exemptions based on Debtors' bad faith. Law v. Siegel does recognize that when a debtor claims an exemption created under state law, the scope of the exemption is determined under state law which "may provide that certain types of debtor misconduct warrant denial of the exemption." Law, 134 S.Ct. at 1196-97. It does not appear that Arizona exemption law was considered in determining whether the Amended Exemption could be disallowed based on the Debtors'

-9-

conduct. Accordingly, the matter is remanded to give the bankruptcy court the opportunity to determine whether under Arizona law equitable considerations may be used to disallow exemptions.

**C. The Issue of Whether the Bankruptcy Court Abused Its Discretion by Not Holding an Evidentiary Hearing Is Moot.**

Because under federal law the bankruptcy court has neither the discretion to disallow amended exemptions nor deny leave to amend based on equitable grounds not specified in the Bankruptcy Code, we need not address this issue.

**VI.   CONCLUSION**

For the reasons stated above, we VACATE and REMAND for further proceedings consistent with this opinion.