MEMORANDUM **
Debtor Rosalva Lua appeals the district court’s order affirming the bankruptcy *844 court’s order sustaining the Chapter 7 Trustee’s objection to Lua’s claim of a homestead exemption. Lua argues that the bankruptcy court erred in applying state law to disallow her exemption and, to the extent the bankruptcy court could properly consider state law, it erred in not limiting the source of law to state statutory law. Finally, Lua argues that the bankruptcy court erred in applying the doctrine of equitable estoppel to disallow her exemption.
We have jurisdiction pursuant to 28 U.S.C. § 158(d), and we reverse.
A.
Lua failed to raise below her arguments that the bankruptcy court could not consider state law or state case law as a basis for disallowing Lua’s claimed homestead exemption. We generally will not consider arguments raised for the first time on appeal. Smith v. Marsh, 194 F.3d 1045, 1052 (9th Cir. 1999). We conclude that none of the exceptions to this rule applies. See United States v. Echavarria-Escobar, 270 F.3d 1265, 1267-68 (9th Cir. 2001) (noting exceptions to the first-time-on-appeal rule). Thus, we limit our review to the bankruptcy court’s application of equitable estoppel.
B.
“We apply the same standard of review applied by the district court, reviewing the bankruptcy court’s legal conclusions de novo and its factual determinations for clear error.” Neilson v. Chang (In re First T.D. & Inv., Inc.), 253 F.3d 520, 526 (9th Cir. 2001).
A party urging equitable estoppel must demonstrate “(a) a representation or concealment of material facts (b) made with knowledge, actual or virtual, of the facts (c) to a party ignorant, actually and permissibly, of the truth (d) with the intention, actual or virtual, that the ignorant party act on it, and (e) that party was induced to act on it.” Behnke v. State Farm Gen. Ins. Co., 196 Cal. App. 4th 1443, 1462, 127 Cal.Rptr.3d 372 (2011) (quoting 13 Witkin Summary of Cal. Law § 191, at 527-28 (10th ed. 2005)). Estoppel will not be found unless all elements are satisfied. Moore v. State Bd. of Control, 112 Cal. App. 4th 371, 384, 5 Cal.Rptr.3d 116 (2003).
The bankruptcy court found that Lua’s First Amended Schedules were a representation, under oath, that she was not claiming a homestead exemption in the .Property. But the First Amended Schedules cannot form the basis of an estoppel because they set forth all of the existing facts known to Lua. Those same facts were readily available to the Trustee, and the Trustee was fully aware of them. “[Wjhere the person pleading estoppel had knowledge of the facts, there is no reliance.” Sidebotham v. Robison, 216 F.2d 816, 829 (9th Cir. 1954). The Trustee also knew, or should have known, that in the event circumstances changed, Lua could amend her exemptions “as a matter of course at any time before the case [wa]s closed.” Fed. R. Bankr. P. 1009(a); see also Martinson v. Michael (In re Michael), 163 F.3d 526, 529 (9th Cir. 1998) (“No court approval is required for an amendment, which is liberally allowed.”), abrogated on other grounds by Law v. Siegel, — U.S. —, 134 S.Ct. 1188, 188 L.Ed.2d 146 (2014).
The bankruptcy court found that the Trustee had no knowledge or indication that Lua was going to file her Second Amended Schedules. However, the Trustee failed to present any evidence that at the time Lua filed her First Amended Sehed- *845 ules, she had reason to believe that she would amend her schedules again at .some point in the future. Moreover, nothing in Lua’s First Amended Schedules can be deemed a representation by Lua that she would not amend her exemptions again if circumstances changed. In fact, circumstances changed almost three years later when, at the request of the Trustee, the bankruptcy court entered an order finding that the Property was 100% community property, providing Lua a new factual basis to claim a homestead exemption.
Accordingly, the bankruptcy court shall allow Lua’s claimed homestead exemption.
REVERSED AND REMANDED with directions.

 This disposition is not appropriate for publi *844 cation and is not precedent except as provided by 9th Cir. R, 36-3.