NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 23 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANDREW W. SHALABY,<br><br>　　　　Plaintiff-Appellant,<br><br>　v.<br><br>NEWELL BRANDS, INC., on behalf of the defendant formerly known as Bernzomatic, an unincorporated division of Irwin Industrial Tool Company, and Newell Operating Company,<br><br>　　　　Defendant-Appellee,<br><br>　and<br><br>BERNZOMATIC, an unincorporated division of Irwin Industrial Tool Company; et al.,<br><br>　　　　Defendants. | Nos. 22-55309<br>　　　22-55812<br><br>D.C. No. 3:11-cv-00068-AJB-DHB<br><br>MEMORANDUM[*] |

Appeals from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Submitted January 17, 2024[**]

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:      S.R. THOMAS, McKEOWN, and HURWITZ, Circuit Judges.

In this consolidated appeal, Andrew W. Shalaby, an attorney, appeals pro se from several post-judgment orders in his diversity action. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

The district court properly denied Shalaby's motion to terminate the pre-filing order because Shalaby did not demonstrate a basis for such relief. *See SEC v. Coldicutt*, 258 F.3d 939, 941-42 (9th Cir. 2001) (setting forth standard of review and discussing conditions under which a district court may modify a court order under Federal Rule of Civil Procedure 60(b)(5)); *Luckett v. Panos*, 73 Cal. Rptr. 3d 745, 750 (Ct. App. 2008) (discussing conditions under which a prefiling order may be modified under California law). To the extent that Shalaby challenges the pre-filing review order, a prior panel of this court affirmed the district court's order in No. 12-56415, and we will not reconsider that decision. *See Martinson v. Michael (In re Michael)*, 163 F.3d 526, 529 (9th Cir. 1998) (explaining that, under the law of the case, a panel generally will not reconsider issues decided by another panel in a prior appeal in the same case).

The district court properly denied Shalaby's motion under Federal Rules of Civil Procedure 60(b)(4) and 60(b)(6) to set aside the district court's order granting defendants' motion for contempt and sanctions because Shalaby failed to establish that the judgment was void or that extraordinary circumstances otherwise justified

relief. *See United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010) (explaining that "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard" (citations omitted)); *Henson v. Fid. Nat'l Fin., Inc.*, 943 F.3d 434, 443 (9th Cir. 2019) (explaining that this court reviews for an abuse of discretion the denial of a Rule 60(b)(6) motion and that a movant must show "extraordinary circumstances" to justify relief under this clause); *United States v. $277,000.00 U.S. Currency*, 69 F.3d 1491, 1493 (9th Cir. 1995) (explaining that this court reviews de novo the denial of a Rule 60(b)(4) motion).

The district court did not abuse its discretion by denying Shalaby's motion for leave to file a declaratory action because the proposed complaint was within the scope of the district court's pre-filing review order. *See In re Fillbach*, 223 F.3d 1089, 1090 (9th Cir. 2000) (standard of review); *Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999) ("District courts have the inherent power to file restrictive pre-filing orders against vexatious litigants with abusive and lengthy histories of litigation." (citation omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions are denied.

**AFFIRMED.**