In re Jereld Joe MICHAEL, a/k/a
Jerry Michael;  In re Shirley
Kay Michael, Debtors.

Jereld J. MICHAEL;  Shirley K. Michael,
Petitioners–Appellants,

v.

Craig D. MARTINSON, Trustee,
Respondent–Appellee.

No. 93–35740.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 14, 1994*.

Decided Feb. 23, 1995.

---

* The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34–4 and Fed.R.App.P. 34(a).

Floyd A. Brower, Brower Law Firm, Roundup, MT, for petitioners-appellants.

Craig D. Martinson, Billings, MT, for respondent-appellee.

Before: BROWNING, WRIGHT, and CANBY, Circuit Judges.

PER CURIAM:

In this adversary proceeding, the bankruptcy court ruled that Jereld J. and Shirley K. Michael could not claim a homestead exemption because they failed to record a declaration of homestead as required by Montana law before filing their bankruptcy petition. The district court affirmed, and the Michaels appeal. We vacate and remand.

## I

When the Michaels filed their voluntary Chapter 7 bankruptcy petition, they had not yet recorded a declaration of homestead as required by Mont.Code Ann. §§ 70–32–105, 106, 107. They also failed to list their home as exempt property on their bankruptcy Schedule B–4. Several months later, after the bankruptcy court had ordered the Michaels' debts discharged, they recorded a declaration of homestead in Yellowstone County and filed an amended Schedule B–4 with the bankruptcy court, listing their home as exempt property. The trustee objected to the amendment and brought this adversary proceeding to obtain possession of the home. The bankruptcy court sustained the trustee's objection and held that the Michaels' failure to file a declaration of homestead prior to their bankruptcy petition was fatal to their claimed exemption, because the late-filed declaration would not defeat the trustee's intervening statutorily-created status as bona fide purchaser of the Michaels' real property. The district court agreed.

## II

Section 544(a) of the Bankruptcy Code, the "strong arm clause," grants the trustee certain powers under state law with respect to the debtor's property.[1] *See Probasco v. Eads (In re Probasco),* 839 F.2d 1352, 1354 (9th Cir.1988). Sections 544(a)(1) and (2) arm the trustee with the rights and powers of a lien creditor or judgment creditor. *See Gitts v. Arkison (In re Gitts),* 116 B.R. 174, 179 (9th Cir. BAP 1990), *aff'd and adopted,* 927 F.2d 1109 (9th Cir.1991). Section 544(a)(3) confers on the trustee the status of a bona fide purchaser of the debtor's real

---

1. Section 544(a) reads in full:

The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

(1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;

(2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists; or

(3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544(a).

property. *See National Bank of Alaska v. Erickson (In re Seaway Express Corp.)*, 912 F.2d 1125, 1128 (9th Cir.1990).

The parties agree that the trustee could not use his powers under section 544(a)(1) or (2) to defeat the Michaels' homestead exemption. *See Gitts*, 116 B.R. at 179–80. The trustee contends, however, that he may use his status as a hypothetical bona fide purchaser of the Michaels' real property to defeat the homestead exemption. *Gitts* did not address this question. *Id.* at 179 n. 9.

■ "While whether a trustee qualifies under section 544(a)(3) is a question of federal law, state law determines whether the trustee's status as a [bona fide purchaser] will defeat the rights of the person against whom the trustee seeks to assert his powers." *Robertson v. Peters (In re Weisman)*, 5 F.3d 417, 420 (9th Cir.1993). On the facts of this case, the plain language of section 544(a)(3) prevents the trustee from avoiding the Michaels' homestead exemption.

■ Section 544(a)(3) empowers the trustee to avoid transfers of the debtor's real property and obligations or debts incurred by the debtor that would be voidable by a subsequent bona fide purchaser—for example, unrecorded debts, mortgages, and liens. *See id.* at 419–20. However, section 544(a)(3) permits the trustee to assume the status of a bona fide purchaser with respect to a particular transfer only if "applicable law permits such transfer to be perfected" against a bona fide purchaser.[2] 11 U.S.C. § 544(a)(3). That is, if under state law the interest sought to be avoided by the trustee could *never* be perfected against a subsequent bona fide purchaser, section 544(a)(3) is inapplicable with respect to that interest.

■ That is the situation here. Under Montana law, a homestead exemption can never be perfected against a subsequent purchaser of the homestead property, even if a declaration of homestead is properly recorded before the sale. A hypothetical purchaser of the debtor's homestead property (whether bona fide or not) would take the purchased property free of all homestead rights—the hypothetical sale itself would transfer the property free of the exemption.

■ This is true for two reasons. First, one of the requirements for a valid homestead is that the homestead property is actually owned by the claimant. *See* Mont.Code Ann. § 70–32–103. If the homestead property is sold, the claimant no longer owns the property, so by necessary implication the homestead declaration is invalid. As the Michaels argue in their supplemental memorandum, there can be no homestead exemption if there is no homestead property.

■ Second, under Montana law, "[a] homestead can be abandoned ... by a declaration of abandonment *or a grant thereof.*" Mont.Code Ann. § 70–32–302 (emphasis added). A grant of the homestead property to a hypothetical bona fide purchaser would be deemed an abandonment of the homestead effective on the date the deed was recorded. Under section 544(a)(3), the trustee as bona fide purchaser is considered to have perfected his interest (*i.e.*, recorded his hypothetical deed) on the petition date.[3] Thus, even if a declaration of homestead were filed before the petition date, a hypothetical bona fide purchaser of the homestead property who perfected his interest on that date would take the property free of any homestead declaration.

2. This clause was not a part of the original bill. *See* H.R. 8200, 95th Cong., 1st Sess. § 544(a)(3) (1977). Statements in the legislative history suggest the clause was added "so as not to require a creditor to perform the impossible in order to perfect his interest." 124 Cong.Rec. H11089 (Sept. 28, 1978) (statement of Rep. Edwards), *reprinted in* 1978 U.S.C.C.A.N. 5787, 6436, 6456.

3. The hypothetical bona fide purchaser of section 544(a)(3) has been described as

a person who (1) at the instant the bankruptcy petition is filed purchases from the debtor; (2) for value; (3) in good faith; (4) without actual knowledge of any defect or limitation in title; (5) every interest in real property the debtor could have purported to convey without the terms of the conveyancing itself evidencing irregularity; (6) by an instrument that adheres to all formal requisites usually and regularly followed in the relevant jurisdiction; (7) as of the moment of purchase takes all unilateral steps to perfect the conveyance.

*Weisman*, 5 F.3d at 420 n. 6 (citing *Gurs v. Walsh (In re Gurs)*, 27 B.R. 163, 165 (9th Cir. BAP 1983)).

Under Montana law, a homestead claimant can do nothing to protect his exemption from a subsequent bona fide purchaser, because the transfer of the homestead property in and of itself eliminates that exemption. Even if the Michaels had properly recorded their declaration of homestead prior to the date of their bankruptcy petition, a bona fide purchaser of their homestead property on that date would have taken the property free of any homestead exemption. Therefore, section 544(a)(3) by its express terms prevents the trustee from assuming the status of bona fide purchaser, because "applicable law" does not permit a homestead exemption to be perfected against a bona fide purchaser. *Compare Seaway Express Corp.,* 912 F.2d at 1129 ("Here, the law of the State of Washington not only permits perfection of an interest such as [the creditor's], it provides clear procedures for attaining that goal. . . .").

Section 544(a)(3), a new provision in the 1978 Bankruptcy Code, vests the trustee with sweeping powers to defeat competing interests in the debtor's real property. It is clear that in enacting that section, Congress intended to prevent the trustee from using his powers as bona fide purchaser to defeat interests which by their very nature could never be perfected against such a purchaser—interests such as the Michaels' homestead exemption. To permit the trustee to use his powers under section 544(a)(3) to defeat the Michaels' homestead exemption would be to "require [the Michaels] to perform the impossible in order to perfect [their] interest." 124 Cong.Rec. H11089 (Sept. 28, 1978) (statement of Rep. Edwards), *reprinted in* 1978 U.S.C.C.A.N. 6436, 6456.

### III

The trustee may not use any of his "strong arm" powers under section 544(a) to defeat the Michaels' homestead exemption. The fact remains, however, that the Michaels did not amend their bankruptcy schedules to claim the exemption until more than a year after filing their petition. When they did so, the trustee objected. Because the bankruptcy court ruled—incorrectly—that section 544(a)(3) prevents the Michaels from claim-

ing a homestead exemption after the petition date, it did not reach the separate question whether the Michaels could amend their schedules under the Federal Rules of Bankruptcy Procedure. Therefore we VACATE the order of the district court and REMAND to permit consideration of this issue.