In re Jereld Joe MICHAEL, a/k/a
Jerry Michael, and Shirley
Kay Michael, Debtors.

Craig MARTINSON, Trustee, Plaintiff,

v.

Jereld Joe MICHAEL, a/k/a Jerry
Michael, and Shirley Kay
Michael, Defendants.

Bankruptcy No. 91–10114–7.
Adv. No. 91/00163.

United States Bankruptcy Court,
D. Montana.

Aug. 14, 1995.

Floyd Brower, Roundup, MT, for debtors/defendants.

## ORDER

JOHN L. PETERSON, Chief Judge.

In this Chapter 7 case and adversary proceeding the Trustee's objection to the Debtors' homestead exemption and complaint for turnover are once again before this Court on remand from the Ninth Circuit Court of Appeals to consider the issue of whether the Debtors can amend their Schedules postpetition under the Federal Rules of Bankruptcy Procedure to claim a homestead exemption. *Michael v. Martinson,* (*In re Michael*), 49 F.3d 499, 502 (9th Cir.1995) (per curiam).[1] These matters have been under advisement since this Court denied approval of a compromise between the parties on June 15, 1995. *In re Michael,* 183 B.R. 230 (Bankr.D.Mont.1995). They are now ready for decision.[2] For the reasons set forth below, the Trustee's objections are sustained, the Debtors' claimed homestead exemption is disallowed, and the Debtors are ordered to turn over the real property to the Trustee.

There are no disputed material issues of fact in this case, and the facts are set forth

---

**1.** The Ninth Circuit in *Michael* settled once and for all the issue of whether the Trustee may exercise the "strong arm" powers of 11 U.S.C. § 544(a) to defeat a homestead exemption, by holding that the "trustee may not use any of his 'strong arm' powers under section 544(a) to defeat the Michaels' homestead exemption." 49 F.3d at 502. Earlier, the Ninth Circuit BAP had declined to consider whether the Trustee's strong arm powers under § 544(a)(3) could defeat a homestead exemption. *In re Gitts,* 116 B.R. 174, 179 n. 9 (9th Cir. BAP 1990).

Having eliminated § 544(a) from the case still does not end the matter, however, because the Trustee filed the objection to the Debtors' homestead exemption on April 10, 1992, and earlier filed the instant adversary complaint for turnover of the asserted homestead property on November 26, 1991. In both instances the Trustee argues that the Debtors failed to file a declaration of homestead as required by Montana law as of the petition date, and that the property is property of the bankruptcy estate. Therefore, other provisions of the Bankruptcy Code, namely 11 U.S.C. § 541(a) defining property of the estate and 11

U.S.C. § 522(b)(2)(A) governing exemptions, remain to be considered in deciding these matters.

**2.** This Court allowed the parties until June 26, 1995, in which to file any memoranda. *Michael,* 183 B.R. at 239. The Trustee filed a memorandum on June 27, 1995. Debtors' counsel requested and was granted three (3) extensions of time until July 20, 1995, in which to file a memorandum. The fourth request for extension was denied, and no Debtors' memorandum has been filed.

Counsel's request for extensions are all based upon counsel's medical problems, and there appears to be no time certain by which counsel will be able to submit a memorandum. Counsel's most recent affidavit states that if new medication is not successful counsel will have to undergo surgery.

The Court deems no further delay appropriate. Debtors have submitted extensive memoranda and briefs in this case and on appeal which this Court has reviewed. The Debtors' arguments are extensive, on the record, and have been considered by the Court. This Court's Order entered June 26, 1995, allowed but did not require additional memoranda from the parties.

by the Ninth Circuit in *Michael v. Martinson* as follows:

> When the Michaels filed their voluntary Chapter 7 bankruptcy petition, they had not yet recorded a Declaration of Homestead as required by Mont.Code Ann. §§ 70–32–105, 106, 107. They also failed to list their home as exempt property on their bankruptcy Schedule B–4. Several months later, after the bankruptcy court had ordered the Michaels' debts discharged, they recorded a Declaration of Homestead in Yellowstone County and filed an amended Schedule B–4 with the bankruptcy court, listing their home as exempt property. The trustee objected to the amendment and brought this adversary proceeding to obtain possession of the home.

*Michael v. Martinson,* 49 F.3d at 500.

The Ninth Circuit specifically left open the question whether the Debtors could amend their Schedules under the Rules to claim the homestead exemption. *Id.* at 502.

■ The material facts are uncontroverted that the Debtors failed to record a Declaration of Homestead as required by Montana law to establish their right to a homestead exemption by the bankruptcy petition date. Mont.Code Ann. § 70–32–105, 106, 107; *Michael,* 49 F.3d at 500. Under Montana law on the petition date, then, the Debtors did not have a valid homestead exemption. *In re Peterson,* 106 B.R. 229, 231–32 (Bankr. D.Mont.1989) (construing §§ 70–32–105 through 107).

In fact, they did not assert a homestead exemption on the petition date or in their original Schedule B–4, filed February 15, 1991. Only after the § 341 meeting of creditors on March 14, 1991, and after Trustee filed the complaint in this adversary proceeding on November 26, 1991, and after the Trustee filed the objection to exemption on April 10, 1992, did the Debtors finally get around to filing an amended Schedule B–4 on May 14, 1992, asserting the homestead exemption more than a year after the petition date.[3]

■ In deciding whether the Debtors may amend their Schedules to claim a homestead exemption when no Declaration of Homestead was filed as of the petition date, the analysis must begin with the general rule that the "right to exemptions under the Bankruptcy Code, like the Bankruptcy Act, is generally determined by facts as they existed on the date bankruptcy was filed." *In re Gitts,* 116 B.R. 174, 178 (9th Cir. BAP 1990), *aff'd* and *adopted* 927 F.2d 1109 (9th Cir.1991); *In re Combs,* 101 B.R. 609, 613–14 (9th Cir. BAP 1989); *In re Magallanes,* 96 B.R. 253, 255 (9th Cir. BAP 1988); *Love v. Menick,* 341 F.2d 680, 682 (9th Cir.1965). If this general rule is to apply, the Trustee's objections to the Debtors' homestead exemption must be sustained because the Debtors did not have a valid homestead exemption under Montana law on the petition date. The Court looks to state law, i.e., Montana homestead law to determine the estate's interest in property such as the homestead. *In re Campbell,* 14 Mont. B.R. 132, 141 (9th Cir. BAP 1995).

■ Washington has an automatic homestead exemption by statute based upon possession alone. *Gitts,* 116 B.R. at 178, 180. That automatic homestead exemption, plus the fact the debtors' original schedules claimed a homestead exemption, provided the basis in *Gitts* for the BAP to hold the debtors in that case had a valid homestead exemption on the petition date. *Id.* California law also provides for a non-declared or automatic homestead exemption by statute. *Amiri v. Collection Bureau of San Jose (In re Amiri),* 184 B.R. 60, 62–63 (9th Cir. BAP 1995). In contrast with California and Washington law, Montana has no automatic homestead exemption by possession alone. If there is not compliance with the recordation statutes, §§ 70–32–106 and 107, there is no valid homestead exemption. *Harvey v. Havener,* 135 Mont. 437, 443, 340 P.2d 1084, 1087 (1959) ("The spirit of all recordation acts is notice to protect others against secret equi-

---

**3.** The amended Schedule B–4 seeks to list "Real Property described in Schedule B–1" exempt under Mont.Code Ann. §§ 70–32–105 to 70–32–107, in the sum of $55,000. The Debtors do not assert a homestead under Mont.Code Ann. § 70–32–202. See *infra,* n. 4 and p. 837.

ties. If the record is not necessary to create the estate (*as it is in the manner of homestead exemptions* and mechanics' liens) the statute providing for recording is but a direction to do certain acts and does not create conditions subsequent.") (Emphasis added). Not having filed a Declaration of Homestead as of the petition date, under Montana law the Debtors did not have a valid homestead exemption on the petition date.

If there is an applicable exception to the general rule that the petition date controls whether there is a valid exemption, it is the Debtors' burden to support such an exception. The Court finds no credible support in the record for such an exception. Debtors contend they have the right to file a Declaration of Homestead as a substantive right under Montana law allowing a valid homestead exemption to be filed up to the actual date of an execution sale,[4] citing *Myers v. Matley,* 318 U.S. 622, 63 S.Ct. 780, 87 L.Ed. 1043 (1943). *See, Gitts,* 116 B.R. at 179. To resolve this issue requires a background discussion of the procedure for claiming exemptions and amendments under both former and current bankruptcy law, and applicable Montana state law.

■ The Montana homestead exemption statutes which require recordation, §§ 70–32–105, 106, and 107 were enacted by the Montana legislature to give effect to the Montana Constitution, which provides that "[t]he legislature shall enact liberal homestead and exemption laws." Mont. Const. art. XIII, § 5. Montana law allows a home-

stead declaration to be filed up to the actual day of an execution sale. *Gitts,* 116 B.R. at 179; *Peterson,* 106 B.R. at 232; *In re Whidden,* 1 Mont. B.R. 219, 232 (Bankr.Mont. 1985). Outside of bankruptcy, this law supports the Debtors' contention. However, once they filed a voluntary Chapter 7 petition seeking relief under the Bankruptcy Code, the Code and Federal Rules of Bankruptcy Procedure significantly affected their right to claim exemptions.

In order for the Debtors to claim an exemption under the Rules of Bankruptcy Procedure, they must comply with the specific rule governing exemptions, F.R.B.P. 4003, and "shall list the property claimed as exempt under § 522 of the Code on the schedule of assets required to be filed by Rule 1007." These Debtors did not claim a homestead exemption in their amended Schedule B–4 until more than a year after the petition date.

The Debtors must also comply with the requirements of 11 U.S.C. § 522(b).[5] The United States Supreme Court succinctly summarized the procedure to be followed in claiming exemptions in *Taylor v. Freeland & Kronz,* 503 U.S. 638, 642, 112 S.Ct. 1644, 1647, 118 L.Ed.2d 280 (1992):

> When a debtor files a bankruptcy petition, all of his property becomes property of a bankruptcy estate. See 11 U.S.C. § 541. The Code, however, allows the debtor to prevent the distribution of certain property by claiming it as exempt. Section 522(b)

---

4. Montana law changed in 1981 with the amendment to Mont.Code Ann. § 70–32–202, which removed prior judgment liens from the list of judgments which could subject a homestead to execution or forced sale in satisfaction thereof. R.C.M.1947, 33–105, *amended* Sec. 6, Ch. 370, L.1981.

5. 11 U.S.C. § 522. Exemptions

\* \* \* \* \* \*

(b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property listed in either paragraph (1) or, in the alternative, paragraph (2) of this subsection.... Such property is—

(1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize; or, in the alternative,

(2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, *or State or local law that is applicable on the date of the filing of the petition* at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180–day period than in any other place; and

(B) any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law. (Emphasis added).

allowed Davis to choose the exemptions afforded by state law or the federal exemptions listed in § 522(d). Section 522(1) states the procedure for claiming exemptions and objecting to claimed exemptions as follows:

> "The debtor shall file a list of property that the debtor claims as exempt under subsection (b) of this section. . . . Unless a party in interest objects, the property claimed as exempt on such list is exempt."

Although § 522(1) itself does not specify the time for objecting to a claimed exemption, Bankruptcy Rule 4003(b) provides in part:

> "The trustee or any creditor may file objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors held pursuant to Rule 2003(a) . . . unless, within such period, further time granted by the Court."

■ The solution to the instant dispute lies in the simple language of *Taylor* that "[w]hen a debtor files a bankruptcy petition, all of his property becomes property of a bankruptcy estate". *Id.* It necessarily follows that the Debtors' homestead became property of the estate under the broad scope of § 541(a) on the petition date. *Id.; Campbell,* 14 Mont. B.R. at 141; *United States v. Whiting Pools, Inc.,* 462 U.S. 198, 205, 103 S.Ct. 2309, 2313–14, 76 L.Ed.2d 515 (1983); *Gitts,* 116 B.R. at 176 n. 4 (citing 4 *Collier on Bankruptcy* ¶ 541.02[3] (15th Ed.1990); *In re Galvan,* 110 B.R. 446, 449 (9th Cir. BAP 1990)). Property that is to be claimed as exempt is included as property of the estate by § 541(a). *Taylor,* 503 U.S. at 640–42, 112 S.Ct. at 1647; H.R.Rep. No. 595, 95th Cong., 1st Sess. 367–68 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787.

This is a major change from the treatment of exempt property under the former Section 70(a) of the Bankruptcy Act, which excepted exempt property from property of the estate.

*Myers v. Matley,* 318 U.S. at 624–25, 63 S.Ct. at 782–83;[6] *Gitts,* 116 B.R. at 176 n. 4. Nevertheless, it is clear from the language of § 541, *Taylor, Gitts,* and the above-cited legislative history that this change has indeed taken effect, and that § 541(a) made the Debtors' homestead property of the estate on the petition date regardless of whether it is exempt or not. Because the Debtors' homestead became property of the estate automatically by operation of § 541(a), it did not fall upon the Trustee to affirmatively exercise the "strong arm" powers of 11 U.S.C. § 544(a) to bring the homestead into the estate.

By contrast, the holdings of *Myers* and *White v. Stump,* 266 U.S. 310, 312–13, 45 S.Ct. 103, 103–04, 69 L.Ed. 301 (1924) hinged upon § 70(a) of the Act and its exception of exempt property from the estate. In both cases, before the enactment of the Code's § 541(a), the trustees attempted to utilize their lien avoidance powers to bring the exempt homesteads into the estate. *Myers,* 318 U.S. at 624–25, 63 S.Ct. at 782–83; *White,* 266 U.S. at 312–13, 45 S.Ct. at 103–04. The trustee failed in *Myers* because Nevada law allowed the filing of a homestead declaration at any time up to the actual date of execution sale. 318 U.S. at 627–28, 63 S.Ct. at 783–84. Thus, the trustee's lien creditor rights could not defeat the debtor's right to file a Declaration of Homestead up to the date of sale. 318 U.S. at 627–28, 63 S.Ct. at 783–84. Montana law is now the same with regard to a debtor's right to file a homestead declaration vis-a-vis a judgment lien creditor under non-bankruptcy law.[7]

■ Simply put, however, none of *Myers'* lien creditor reasoning applies to the instant case, because § 541(a) brings exempt property into the estate by itself, without requiring the trustee to exercise lien creditor rights under § 544(a). Whether or not Montana law allows a debtor to defeat a lien creditor by filing a homestead declaration up

---

**6.** The Ninth Circuit Court decision affirmed in *Myers* noted that § 70(a) of the Act excepted property which is held to be exempt without reference to a specific point in time. *Myers v. Matley,* 130 F.2d 775, 777 (9th Cir.1942). The

references in the Code at § 541(a) and § 522(b) to the petition date, a specific point in time, show a marked departure from the Act.

**7.** See footnote 3 above.

to the date of execution sale has nothing to do with the instant case, where the Debtors' homestead became property of the estate on the petition date by operation of § 541, not by operation of the Trustee's lien creditor rights.[8] To the extent *White* and *Myers* remain good law, they support the Trustee because they stress the importance, as do the later cases,[9] of the petition date in determining exemptions. 266 U.S. at 313, 45 S.Ct. at 104; 318 U.S. at 624, 63 S.Ct. at 782. On the petition date the Debtors had not complied with Montana law requiring the recordation of a homestead declaration in order to have a valid homestead exemption.

In bringing the instant adversary proceeding and objecting to the Debtors' homestead exemption, the Trustee asserted the homestead was property of the estate and the Debtors had failed to file a Declaration of Homestead prior to the petition date. As such, the Trustee was not necessarily asserting only the avoidance powers under § 544, as indeed we now know is not the operative statute. *See, Gitts,* 116 B.R. at 179 & n. 9; *Michael,* 49 F.3d at 501–02. Rather, the Trustee was acting as the representative of the estate under § 323, with the capacity to sue and be sued.

■ This Court adopts the following reasoning from *In re Van Rye,* 179 B.R. 375, 378 (Bankr.D.Mass.1995):

As the representative of the estate, trustee had a definite property interest in whether property of the debtor's estate was allowed as exempt property. The trustee had a duty to collect the property of the estate. 11 U.S.C. § 704. That duty inevitably involved determining what property was exempt.

This Court agrees with the reasoning of the [*National Bank of Mobile v. Norris,* 701 F.2d 902 (11th Cir.1983) ] court that a trustee is a proper "party in interest' to file an objection to exemptions claimed by a debtor. See *In re Brooks,* 12 B.R. 22, 24 (Bankr.S.D.Ohio 1981) ("[T]he question of what is or what is not exempt property is inextricably interwoven with the duties of the trustee to so collect and reduce to money the property of the estate.").

In performance of the duties under § 704, the Trustee also has a fiduciary duty to all creditors of the estate to protect their interests against dissipation of any assets of the estate. *Matter of Troy Dodson Const. Co., Inc.,* 993 F.2d 1211, 1216 (5th Cir.1993); *In re Rigden,* 795 F.2d 727, 730 (9th Cir.1986) (Trustee has the duty to maximize distribution to creditors). Indeed, if the Trustee failed to object to the Debtors' post-petition amendment and recordation of homestead

---

**8.** The BAP criticizes and disagrees with this Court's reasoning and interpretation of *Myers* in *Gitts,* 116 B.R. at 179, stating: "The key to the holding in *Myers* is whether a state's law allowed a debtor to effectively claim a homestead exemption by filing a declaration of homestead after recordation of the judgment lien but prior to an execution sale. The [*In re Peterson,* 106 B.R. 229, 232 (Bankr.Mont.1989) ] case completely ignores this point." 116 B.R. at 179. While that may have been key to the holding of *Myers,* § 541(a) makes the trustee's lien creditor rights against exempt property irrelevant by including exempt property in property of the estate. With § 541(a), the Trustee need not exercise lien creditor rights to bring exempt property into the estate as the trustees had to in *Myers* and *White.* The BAP recognized this in *Gitts,* 116 B.R. at 176 n. 4, but noted the debtor may remove exempt property from the estate under § 522(b). *Id.* While an automatic homestead exemption contained in Washington and California state statutes may remove a homestead from property of the estate as of the petition date in compliance with § 522(b). Montana has no equivalent automatic homestead exemption statute.

On the petition date, there is no getting around the fact the Michaels did not have a valid homestead exemption under Montana law and § 522(b). Post-petition amendment and recordation of a homestead declaration (if not stayed by § 362(a)(3)—see below) does not relate back to change the circumstances under the general rule under § 522(b) as of the petition date. With all due respect, this Court is at a loss to understand why the BAP would insist on analyzing such facts under § 70(a) of the former Act and cases such as *Myers* construing the trustee's lien creditor rights on the petition date against exempt property, instead of looking to § 541(a) and § 522(b) and cases construing the Bankruptcy Code's treatment of exempt property. To this Court, the "key" to the holding of *Myers,* regarding a debtor's right to defeat a judgment lien by filing a declaration of homestead up to the date of execution sale, has no effect on the operation of § 541(a) and cannot extend that right beyond the petition date under § 522(b).

**9.** *See Gitts,* 116 B.R. at 178–79 (citing cases).

declaration, the Trustee might well be liable for a negligence claim by the creditors for loss of those funds. *See, In re United Ins. Management, Inc.,* 14 F.3d 1380, 1386 (9th Cir.1994).

■ Returning to *Taylor* and its application to the instant case, when the Debtors filed their bankruptcy petition all their property, including the property they claim as their homestead, became property of the estate. But, by the petition date they had not recorded a Declaration of Homestead as required by Montana law. Therefore, this Court holds that on the petition date the Debtors did not have a valid homestead exemption under § 522(b) and Montana law. The Court need not consider post-petition occurrences in determining exemption rights. *Gitts,* 116 B.R. at 178–79; *In re Combs,* 166 B.R. 417, 420 (Bankr.N.D.Cal.1994) (citing *Combs,* 101 B.R. at 614–15).

■ Several months after the petition date the Debtors recorded a Declaration of Homestead, and more than one year post-petition they filed an amended Schedule B–4 finally claiming a homestead exemption, to which the Trustee objected. As a preliminary matter, this Court finds no merit in the Debtors' argument that the Trustee's objection was untimely because the Trustee was aware of the Debtors' intention to claim a homestead exemption at the § 341 meeting.[10] *Taylor* clearly places the burden upon debtors to file a list of property claimed as exempt before any objections are required. 503 U.S. at 640–42, 112 S.Ct. at 1647.

In this case the Trustee filed the objection to homestead exemption on April 10, 1992. The Debtors filed a response on April 15, 1992, and later filed an amended Schedule B–4 including for the first time their claimed homestead exemption on May 14, 1992. The Trustee then filed a supplemental objection both to the validity and amount of the homestead exemption on May 27, 1992. The Debtors then amended Schedule B–4 again

on June 1, 1992, to reduce the claimed homestead exemption to the $40,000 limit allowed under Montana law.

With the clear language of § 541(a) and § 522(b)(2)(A) and consistent case law, including the general rule stated in *Gitts* and *Combs* emphasizing the petition date as the date for determining exemptions, the Debtors bear a heavy burden of citing authority for the proposition that their Declaration of Homestead, filed several months post-petition, could support their claim of a homestead exemption. They have not satisfied that burden.

The Supreme Court advised in *Connecticut National Bank v. Germain,* 503 U.S. 249, 253–54, 112 S.Ct. 1146, 1149, 117 L.Ed.2d 391 (1992) in statutory interpretation:

> While courts should disfavor interpretations of statutes that render language superfluous, in this case that canon does not apply.

> In any event, canons of construction are no more than rules of thumb that help courts determine the meaning of legislation, and in interpreting a statute a court should always turn first to one, cardinal canon before all others. We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there. See, *e.g., United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 241–242 [109 S.Ct. 1026, 1030–31, 103 L.Ed.2d 290] (1989); *United States v. Goldenberg,* 168 U.S. 95, 102–103 [18 S.Ct. 3, 4, 42 L.Ed. 394] (1897); *Oneale v. Thorton* [*Thorton* ], 6 [Cranch 53, 68, 3 L.Ed. 150] (1810). When the words of a statute are unambiguous, then, this first canon is also the last: "judicial inquiry is complete." *Rubin v. United States,* 449 U.S. 424, 430 [101 S.Ct. 698, 701, 66 L.Ed.2d 633] (1981); see also *Ron Pair Enterprises, supra,* at 241 [109 S.Ct. at 1030].

---

**10.** The Debtors argue in their response to the Trustee's objection that the Trustee was obligated to object to their homestead exemption upon learning orally from the Debtors at the § 341 meeting of their intention to claim a homestead exemption, without the need for them to claim

the exemption in amended schedules. I reject this argument. A trustee's obligation to file objections to exemptions under F.R.B.P. 4003(b) does not arise until the debtor files schedules specifically claiming the exemptions. *In re Ross,* 128 B.R. 785, 788–89 (Bankr.C.D.Cal.1991).

■ Section 541(a) and 522(b)(2)(A) are unambiguous in requiring that property of the estate and exemptions therefrom be determined as of the petition date, i.e., the commencement of the case. The legislative history further specifically supports § 541(a)'s major change in pre-Code practice in its treatment of exempt property, versus its exception from the estate under Section 70(a) of the Act. H.R.Rep. No. 595, 95th Cong., 1st Sess. 367–68 (1977); *See Dewsnup v. Timm,* 502 U.S. 410, 419–20, 112 S.Ct. 773, 779–80, 116 L.Ed.2d 903 (1992).

■ Likewise, Montana law is unambiguous in requiring a recorded Declaration of Homestead for a valid homestead exemption. Mont.Code Ann. §§ 70–32–105, 70–32–106, and 70–32–107; *In re Doss/Spurlock,* 10 Mont. B.R. 159, 160, 162–63 (Bankr.Mont. 1991); *Peterson,* 106 B.R. at 231; *Harvey v. Havener, supra,* 135 Mont. at 443, 340 P.2d at 1087. There is no automatic homestead exemption statute in Montana as in Washington and California. *Gitts,* 116 B.R. at 178, 180; *Amiri,* 184 B.R. at 62–63. This Court does not consider a Montana debtor's right, *outside of bankruptcy,* against a judgment lien creditor, to file a homestead declaration up to the actual date of sale to be the equivalent of or a substitute for an automatic homestead exemption statute under §§ 541 and 522(b)(2)(A).

■ Normally, the Bankruptcy Code will be construed to adopt, rather than to displace, pre-existing state law. *BFP v. Resolution Trust Corporation,* — U.S. —, —, 114 S.Ct. 1757, 1764–65, 128 L.Ed.2d 556 (1994); *Patterson v. Shumate,* 504 U.S. 753, 758, 112 S.Ct. 2242, 2246, 119 L.Ed.2d 519 (1992) ("Congress, when it desired to do so, knew how to restrict the scope of applicable law to 'state law' and did so with some frequency.... 11 U.S.C. § 522(b)(1) (election of exemptions controlled by 'the State law that is applicable to the debtor')"). Rather than displacing Montana law, § 522(b)(2)(A) specifically adopts applicable Montana law in determining whether the Debtors are entitled to a homestead exemption on the petition date. It is for the Montana legislature, not a court, to enact an automatic homestead exemption statute like Washington's and California's if it desires one. To date the Montana legislature has not enacted an automatic homestead exemption statute, and thus *Gitts* is of no support to the Debtors on this issue.

Some support for the Debtors' right to amend the Schedules to claim a homestead exemption may be found in the general right to amend found at F.R.B.P. 1009(a), which permits a schedule to be amended by a debtor "as a matter of course at any time before the case is closed." The Trustee expressed concern about this right to amend at the hearing on the settlement, characterizing the right as absolute. The Ninth Circuit Court remanded this case for a determination whether the Debtors could amend their Schedules under the Federal Rules of Bankruptcy Procedure. *Michael,* 49 F.3d at 502.

■ Amendments should be liberally allowed at any time absent a showing a bad faith or prejudice to third parties. *Magallanes,* 96 B.R. at 256. However, exceptional circumstances may prevent a debtor from amending schedules. *Id.* (citing cases). Here, if the Debtors are allowed a homestead exemption through the act of post-petition amendment of Schedules, the unsecured creditors will be prejudiced by denial of proceeds of the Debtors' homestead to which they are entitled as property of the estate.

■ Even more important, allowing the homestead exemption by amendment under Rule 1009 would require that the Court ignore the language of § 522(b), which requires that exemptions be determined under state law as of the petition date. Bankruptcy Rules are presumptively valid if they are not inconsistent with the statute. *Dominguez v. Miller (In re Dominguez),* 51 F.3d 1502, 1506–07 (9th Cir.1995). If a Rule is inconsistent with the Code, this Court is privileged to determine the Rule "unenforceable because of and to the extent of any inconsistency with a statute. 28 U.S.C. § 2075; *In re Moralez,* 618 F.2d 76, 6 B.C.D. 518 (9th Cir.1980)." *In re Lane,* 37 B.R. 410, 414 (Bankr.E.D.Va. 1984). Rule 1009 establishes a "general" right to amend schedules. This Court will not construe it to deny effect to the petition date language in § 541(a) and § 522(b).

The Supreme Court advises in *Rake v. Wade*, —— U.S. ——, ——, 113 S.Ct. 2187, 2192, 124 L.Ed.2d 424 (1993):

> We generally avoid construing one provision in a statute so as to suspend or supersede another provision. To avoid "deny[ing] effect to part of a statute," we accord " 'significance and effect ... to every word,' " *Ex parte Public Nat. Bank of New York*, 278 U.S. 101, 104, 49 S.Ct. 43, 44, 73 L.Ed. 202 (1928) (quoting *Washington Market Co. v. Hoffman*, 101 U.S. 112, 115, 25 L.Ed. 782 (1879)).

■ To give effect to every word of § 522(b)(2)(A) and to Rule 1009, the Debtors' amendment of their Schedules may be permitted as a matter of right, if the exemption is valid as of the petition date. However, that does not end the matter, for the Trustee has objected to the homestead exemption. Under *Taylor*, *Gitts*, and the above-cited Montana case law, this Court shall sustain the Trustee's objections to exemption and disallow the Debtors' claimed homestead exemption contained in their amended Schedules on the ground the Debtors did not have a valid homestead exemption under Montana law on the petition date. The Debtors' general right to amend Schedules under Rule 1009 cannot be allowed to supersede the specific provisions of § 522(b)(2)(A). *Rake v. Wade, supra,* —— U.S. at ——, 113 S.Ct. at 2192.

■ In addition to § 541(a) and § 522(a)(2)(A), there is yet another applicable provision of the Bankruptcy Code which prevents the Debtors from being allowed a homestead exemption. The filing of a bankruptcy petition "operates as a stay, *applicable to all entities,* of ... (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3) (emphasis added); *In re Pace*, 159 B.R. 890, 899–90 (9th Cir. BAP 1993). "Entity" is defined at 11 U.S.C. § 101(15) and "includes person, estate, trust, governmental unit, and United States Trustee."

Given such unambiguous statutory language, the Court holds that the Debtors are entities as defined at § 101(15), and as such subject to the automatic stay. Keeping in mind that § 541(a) brings all property into the estate on the petition date, in seeking to satisfy Montana law governing homestead exemptions by recording the post-petition Declaration of Homestead on July 17, 1991, almost six months post-petition, Debtors acted "to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." § 362(a)(3). This Court holds that the Debtors are entities subject to the automatic stay under § 362(a)(3) from recording their post-petition Declaration of Homestead.

The automatic stay "is designed to protect the debtor, the assets of the estate, *and the interests of other creditors in those assets.*" *United States v. Hemmen*, 51 F.3d 883, 891 (9th Cir.1995) (citing *Laughlin v. IRS*, 912 F.2d 197, 198 (8th Cir.1990)) (emphasis added); *See also, In re Ramirez*, 183 B.R. 583, 587 (9th Cir. BAP 1995). In this case the Debtors acted to obtain or exercise control over property of the estate when they recorded their Declaration of Homestead postpetition. In so doing they acted against the interests of creditors in that asset.

■ Section 362(b) contains specific exceptions to the stay. *Hillis Motors, Inc. v. Hawaii Auto. Dealers' Assoc.*, 997 F.2d 581, 590 (9th Cir.1993). Exceptions to the automatic stay should be read narrowly. *Id.* (citing cases). None of the exceptions of § 362(b) are applicable to the Debtors' post-petition attempt to satisfy Montana homestead exemption law by recording a Declaration of Homestead, and thereby exercise control over property of the estate. That subsection indicates Congress knew how to enact exceptions to the stay, but did not include as an exception debtors seeking to create exemptions. This Court holds that the Debtors' post-petition recordation of their homestead declaration was stayed by operation of § 362(a)(3).[11]

---

11. The Court notes that there is case law which states that actions by debtors which would benefit the estate are not stayed by § 362. *In re*

*Merrick*, 175 B.R. 333, 337 n. 6 (9th Cir. BAP 1994) (citing cases). Such cases are clearly distinguishable by their facts from the instant case,

In the Ninth Circuit actions taken in violation of the automatic stay are void rather than voidable. *Hillis Motors,* 997 F.2d at 586. Thus, not only did the Debtors not have a valid homestead exemption on the petition date, but also their post-petition recordation of the Declaration of Homestead is void as a violation of § 362(a)(3). Since the recordation is void, the Debtors have not satisfied Montana law governing homestead exemptions.

The Court is aware of the hardship this decision may impose on the Debtors and Debtors' counsel.[12] However, in addition to the provisions of §§ 541(a), 522(b)(2)(A), and 362(a)(3), the Debtors cannot be allowed to prevail because such a result where the Debtors failed to timely act would wreak havoc on the Trustee's duty to timely administer the estate for the benefit of the creditors. The Debtors did not record a Declaration of Homestead until over six months after the petition date. They did not amend their Schedules to alert the Trustee that they claimed a homestead exemption until almost sixteen months after the petition date. Trustees simply cannot wait that long to administer estates.

IT IS ORDERED the Trustee's objections to homestead exemptions, filed April 10, and May 27, 1992, are sustained and the Debtors' claimed homestead exemption is disallowed;

IT IS FURTHER ORDERED a separate Judgment on the merits shall be entered in favor of the Trustee/Plaintiff sustaining the Trustee's objections; disallowing the Debtors' claimed homestead exemption; authorizing the Trustee to endorse on behalf of the Debtors the $450 check from Farm Credit Bank and to deposit said check as an asset of the estate; and directing the Debtors to immediately convey and deliver possession to the Trustee the Debtors' real property, to wit:

Tract 2A of Amended Tract 2 of Certificate of Survey No. 1827 situated in the SW ¼, NE ¼ of Section 17, Township 2 North, Range 28 East, PMM, Yellowstone County, Montana, according to the official plat thereof on file and of record in the office of the Clerk and Recorder of said County, Under Document No. 1152477.

---

because the Debtors' post-petition recordation of the declaration of homestead cannot be interpreted as for the benefit of the estate. On the contrary the Debtors' recordation was for their own benefit, and directly opposed to the creditors' interest in the homestead property.

**12.** That hardship is clearly not so great as one may assume, since the record shows, and Debtors' counsel conceded at the settlement hearing, that every creditor but one large judgment creditor has been paid post-petition under reaffirmation agreements filed in this case. The Debtors therefore are not so burdened financially as the original Schedules may lead one to believe.