Ferraris v. Azimuth                    CV-99-066-M    01/03/01
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF NEW HAMPSHIRE


Ferraris Medical, Inc.,
        Plaintiff

        v.                              Civil No. 99-66-M
                                        Opinion No. 2001 DNH 002
Azimuth Corporation,
        Defendant


                            **O R D E R**


        Ferraris Medical, Inc. brings this action against Azimuth

Corporation, seeking damages for alleged violations of the Lanham

Act.  It also claims that Azimuth infringed its copyright and

registered service mark by using a catalog display photograph of

a medical head harness that resembles Ferraris's product.

Finally, Ferraris brings state law claims for unfair competition,

trademark dilution, and quantum meruit, over which it says the

court may properly exercise supplemental jurisdiction.


        Azimuth moves for summary judgment as to all counts in

Ferraris's complaint.  The existence of genuine issues of

material fact, however, preclude the entry of judgment as a

matter of law in favor of Azimuth as to all but one of Ferraris's claims.

## Standard of Review

When ruling upon a party's motion for summary judgment, the court must "view the entire record in the light most hospitable to the party opposing summary judgment, indulging all reasonable inferences in that party's favor." Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990). Summary judgment is appropriate when the record reveals "no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In this context, "a fact is 'material' if it potentially affects the outcome of the suit and a dispute over it is 'genuine' if the parties' positions on the issue are supported by conflicting evidence." Intern'l Ass'n of Machinists and Aerospace Workers v. Winship Green Nursing Center, 103 F.3d 196, 199-200 (1st Cir. 1996) (citations omitted).

## Background

Defendant, Azimuth, is engaged in mail order sales of anesthesia and operating room equipment to hospitals and medical professionals through its Bay Medical division. The Bay Medical catalogs advertise "Brand Name Products Discount Prices," and offer products bearing various manufacturers' names, as well as products bearing Azimuth's own label, "Sun Med, Inc." Ferraris designs and manufactures reusable rubber breathing circuit components, including the product at issue: a rubber head harness used to secure an anesthesia face mask on a patient's face, over the nose and mouth, during the induction of anesthesia.

Beginning in approximately 1981, Azimuth (or one of the entities under which it does business) began selling head harnesses from Anesthesia Associates, Inc. It claims that those head harnesses had a "starburst" center pattern of holes and were substantially similar to those subsequently manufactured by Ferraris and which are the subject of this proceeding. Those harnesses did not, however, appear to utilize sloping or tapered straps, one of the distinguishing features of plaintiff's product

3

that Azimuth is alleged to have unlawfully copied. In the early 1980s, a company called Herco also sold head harnesses with a center starburst pattern. Ferraris subsequently purchased Herco and continued selling head harnesses with a center starburst pattern. It claims that it is the only manufacturer of anesthesia head harnesses that currently incorporates both a starburst pattern and tapered straps.

In approximately 1988, Azimuth began purchasing head harnesses from Ferraris. Accordingly, Ferraris allowed Azimuth to use pictures of its products in Azimuth's catalogs. In 1998, however, Azimuth sought a new supplier of head harness and entered into an agreement with an Indonesian manufacturer. It claims to have received advanced or pre-production versions of those Indonesian head harnesses, which it says it photographed for display in its upcoming catalog. Ferraris disputes that claim and, instead, insists that Azimuth photographed <u>Ferraris's</u> head harnesses and simply affixed stickers to them bearing the Sun Med (Azimuth's) name. It also says that the design of the

4

head harnesses manufactured by the Indonesian company and sold by Azimuth adopts Ferraris's trade dress.

In addition to claiming that Azimuth wrongfully used photographs of Ferraris products in its catalog, Ferraris also claims that the manner in which Azimuth arranged those products in the photographic display violated its copyright. Ferraris claims to have obtained federal copyright registration of a photograph bearing three head harnesses arranged by size, in descending order (adult, child, and infant). Ferraris says the promotional photograph appearing in Azimuth's catalog is so similar to the arrangement for which it obtained copyright protection, that Azimuth's photograph violates the Copyright Act. Ferraris has, however, failed to provide a copy of that registration.

Finally, says Ferraris, by including the Ferraris name on the cover of its catalog, Azimuth wrongfully suggested to consumers that the head harnesses offered for sale through Azimuth's catalog were actually manufactured by Ferraris.

5

Azimuth, on the other hand, says that it continued to sell _other_ products manufactured by Ferraris and, for that reason, its use of the Ferraris name on its cover of its catalog (as one of many manufacturers of goods offered through the catalog) was neither intended to be, nor actually, deceptive. It simply alerted potential customers that Azimuth sold products manufactured by Ferraris.

**Discussion**

I.   Federal Claims.

Ferraris's amended complaint sets forth four claims based on Azimuth's alleged violation of federal law: false designation of origin (count 1); copyright infringement (count 4); trade dress misappropriation (count 5); and service mark misappropriation (count 6). As the Court of Appeals for the First Circuit has observed:

> Despite different purposes being served, claims for
> protection against trademark and trade dress
> infringement, on the one hand, and dilution, on the
> other, share three common elements before the analyses
> diverge. Those elements are that the marks (a) must be
> used in commerce, (b) must be non-functional, and (c)
> must be distinctive.

6

I.P. Lund Trading ApS v. Kohler Co., 163 F.3d 27, 36 (1st Cir. 1998).

Turning first to Azimuth's trade dress misappropriation claim, it is plain that there are several genuine issues of material fact that preclude the entry of judgment as a matter of law in favor of Ferraris. To be protected under the Lanham Act, trade dress must not be functional. See Two Pesos, Inc. v. Taco Cabana, Inc., 505 U.S. 763, 775 (1992). And, at least in the First Circuit, "the party alleging trademark infringement and dilution bears the burden of proving non-functionality of those elements of the physical object that [it] claims constitute the mark and for which [it] is seeking protection." I.P. Lund Trading, 163 F.3d at 37. "The fact that a product contains some functional elements does not, however, preclude Lanham Act protection. A particular arbitrary combination of functional features, the combination of which is not itself functional, properly enjoys protection." Id. (citation and internal quotation marks omitted).

7

Here, Ferraris has pointed to evidence which, if credited as true, supports its claim that the distinctive features of its head harness (the "starburst" or "snow flake" pattern and the downward sloping straps) are non-functional. For example, it points out that competing manufacturers of head harnesses sell products that employ neither of those features and, yet, the products still serve the purpose for which they were designed. It also claims that the particular combination of the starburst pattern and tapered straps are, even if functional features, a unique and highly recognizable combination of those features and, therefore, entitled to protection.

As to the false designation of origin claim, Ferraris alleges that Azimuth violated section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), by using photographs of Ferraris's head harnesses in its catalog and thereby wrongfully suggesting to potential customers that the harnesses offered for sale are actually manufactured by Ferraris. Alternatively, Ferraris seems to claim that even if Azimuth did not actually use photographs of Ferraris's products, the products displayed in Azimuth's catalog

8

unlawfully appropriate Ferraris's protected trade dress, again falsely suggesting that those products are manufactured by Ferraris.

Section 1125 of Title 15 provides that it is unlawful for any person:

> who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which -
>
> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person.

15 U.S.C. § 1125(a)(1)(A). "Generally speaking, the Act proscribes the unauthorized use of a service mark when the particular usage causes a likelihood of confusion with respect to the identity of the service provider. Consequently, likelihood of confusion often is the dispositive inquiry in a Lanham Act

case." <u>Winship Green Nursing Center</u>, 103 F.3d at 200 (citations omitted).

The Court of Appeals for the First Circuit has identified eight factors that should be considered when assessing the likelihood of confusion:

> (1) the similarity of the marks; (2) the similarity of the goods (or, in a service mark case, the services); (3) the relationship between the parties' channels of trade; (4) the juxtaposition of their advertising; (5) the classes of prospective purchasers; (6) the evidence of actual confusion; (7) the defendant's intent in adopting its allegedly infringing mark; and (8) the strength of the plaintiff's mark.

<u>Winship Green Nursing Center</u>, 103 F.3d at 201. As noted above, Azimuth has failed to demonstrate that federal protection does not extend to Ferraris's mark or trade dress. And, the parties have submitted conflicting evidence on several of the factors relating to likelihood of confusion. Consequently, Azimuth is not entitled to judgment as a matter of law with regard to Ferraris's Lanham Act claim.

Finally, Ferraris asserts that Azimuth violated its copyright by unlawfully using photographs in its catalog that were identical to photographs used in Ferraris's copyrighted catalog.  To prevail on its copyright infringement claim, Ferraris must demonstrate that it holds a valid copyright and that Azimuth unlawfully copied the protected work.  See Segrets, Inc. v. Gillman Knitwear Co., 207 F.3d 56, 60 (1st Cir.), cert. denied, 121 S.Ct. 76 (2000).  With regard to the latter element, Ferraris must prove that Azimuth had access to the copyrighted work and that the copying of the protected work is so extensive that it renders the allegedly infringing work "substantially similar."  See CMM Cable Rep, Inc. v. Ocean Coast Properties, Inc., 97 F.3d 1504, 1513 (1st Cir. 1996); Grubb v. KMS Patriots, L.P., 88 F.3d 1, 6 (1st Cir. 1996).

The United States District Court for the Eastern District of Illinois recently addressed these issues in the context of a case, much like this one, in which one party claimed the other had unlawfully appropriated copyrighted materials from its catalog.  See Pampered Chef, Ltd. v. Magic Kitchen, Inc., 12 F.

11

Supp. 2d 785 (E.D. Ill. 1998).  In considering the plaintiff's

claim that photographs in the defendant's catalog violated its

copyright, the court observed the following:

> Materials that are primarily fanciful, complex,
> artistic, novel and original are generally the most
> strongly protected by copyrights, as they tend to be
> almost entirely the products of the author's
> creativity, rather than concomitants of relatively
> simplistic, factual, or universal themes frequently
> encountered in the public domain.  Due to their highly
> factual nature, catalogs generally fall towards the
> less-protected end of the spectrum.

Id., at 792 (citations omitted).  The court went on to observe

that "although the arrangement of products in catalog photographs

may be protectable, it is the specific image captured in the

individual photograph that is protected, not the subject matter

of the photograph generally."  Id.  Nevertheless, the court

stated that it was beyond doubt that plaintiff would have a

viable claim if the offending photographs in defendant's catalog

were "almost perfectly identical to those in its own catalog."

Id., at 793.

12

Here, the allegedly offending photograph in defendant's catalog <u>is</u> virtually identical to plaintiff's photograph. Additionally, plaintiff has demonstrated that Azimuth had reasonable access to the copyrighted materials. Accordingly, on this record, the court is constrained to deny Azimuth's motion for summary judgment as to the copyright claim.

II. <u>State Law Claims</u>.

Ferraris claims that because Azimuth is a customer of Ferraris products, "there is an implied contract to avoid infringement." Plaintiff's memorandum at 33. Thus, says Ferraris, it is entitled to recover under a "quantum meruit" theory. It has, however, provided no legal support for its hypothesis. Nor does it seem to seriously dispute Azimuth's assertion that its theory of quantum meruit has no application to the facts of this case. As to Count 7 of plaintiff's amended complaint (erroneously labeled as the second "Count VI"), defendant is entitled to judgment as a matter of law.

13

Ferraris's next state law claim appears to allege a cause of action for trademark or service mark dilution under N.H. Rev. Stat. Ann. ("RSA") 350-A:12 (it is erroneously pled as a claim under RSA 380, which relates to fire prevention obligations of railroads). As to that claim, Azimuth argues that Ferraris cannot prevail since it does not have a validly registered service mark. Defendant's memorandum at 13. Ferraris has, however, filed exhibits suggesting that it has successfully registered its service mark with the State of New Hampshire. Accordingly, that issue is, at a minimum, genuinely disputed. Moreover, even if Ferraris's mark is not properly registered, the remedies available to parties under RSA 350-A:12 are not limited solely to holders of registered marks; they are also available to holders of "mark[s] valid at common law." RSA 350-A:12. Consequently, Azimuth is not entitled to summary judgment on the grounds advanced.

Finally, Ferraris asserts a state law claim for unfair competition.[1]  In support of that claim it says:

> [T]he defendant, in copying the unique Ferraris harness and distributing catalogs in New Hampshire that announce name-brand products, including those of Ferraris, when the Ferraris harness has been replaced [in defendant's catalog] by an Indonesian copy, has engaged in . . . conduct which is likely to deceive the public.

Plaintiff's memorandum at 32.  Ferraris goes on to claim that, "[a]lthough Azimuth purchases other Ferraris products which have different name brands, those products appear in Azimuth catalogs which do not name Ferraris as a brand-name source because of the different logos used with those products, such as the 'Wright Respirometer."  Id., at 27.  Although it is not entirely clear exactly what plaintiff is alleging, it seems to be saying that,

---

[1]     It is unclear whether Ferraris is pursuing its unfair competition claim under New Hampshire common law or the New Hampshire Consumer Protection Act, RSA 358-A.  Compare Optical Alignment Systems and Inspection Services, Inc. v. Alignment Services of North America, Inc., 909 F.Supp. 58, 61 (D.N.H. 1995) ("Under New Hampshire law, a party may bring an action for unfair competition at common law or under the New Hampshire Consumer Protection Act.") (emphasis supplied) with plaintiff's memorandum at 32 (referencing the consumer protection statute, but alleging that plaintiff can prove the essential elements of a viable common law claim).

while Azimuth does purchase other Ferraris products, those Ferraris products are sold under a different label. That is to say, a consumer reviewing Azimuth's catalog would not find any products for sale under the "Ferraris Medical" name. In response, defendant says simply that it "is entitled to use the plaintiff's name on its catalogs because it sells plaintiff's products (albeit not head harnesses)." Defendant's memorandum at 14.

Neither party has provided complete copies of defendant's catalogs and, while defendant claims it sells other products manufactured by plaintiff, plaintiff denies that claim. Thus, it would seem that genuine issues of material fact preclude the entry of judgment as a matter of law as to plaintiff's unfair competition claim as well.

## Conclusion

For the foregoing reasons, defendant's motion for summary judgment (document no. 44) is granted in part and denied in part. As to Ferraris's quantum meruit claim (count 7), Azimuth is

entitled to judgment as a matter of law.  In all other respects, however, Azimuth's motion is denied.


**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

January 3, 2001

cc:  George E. Kersey, Esq.
     Anne S. Mason, Esq.
     Kevin J. Carroll, Esq.

17