Morgan v. Messenger                     CV-02-319-M    08/27/03
                    UNITED STATES DISTRICT COURT

                     DISTRICT OF NEW HAMPSHIRE


James L. Morgan,
     Plaintiff

     v.                                    Civil No. 02-319-M
                                           Opinion No. 2003 DNH 145
Lance Messenger,
     Defendant


                          **O R D E R**


     Pro se plaintiff, James Morgan, is an inmate at the New

Hampshire State Prison.  In 1996, he was convicted in state court

of aggravated felonious sexual assault and sentenced to three and

one-half years to life in prison, with all but seven years of the

maximum suspended - essentially a three and one-half to seven

year sentence, provided Morgan did not re-offend upon his release

(whether on parole or upon completion of the sentence).  Under

the terms of that sentence, the State could seek to have the

suspended portion of it reimposed at any time within the next 20

years, should Morgan re-offend.  In January of 2000, he was

released on parole.  But, in light of his criminal sexual history

(which includes a conviction in Vermont on five counts of

molesting young boys, as well as the offense underlying this

case) New Hampshire authorities provided, among other things, that Morgan could not have unsupervised contact with minor children.

Fewer than six months after his release on parole, Morgan was arrested and returned to prison for having violated various conditions of that parole, including the stipulation that he not have any unsupervised contact with minor children. Absent further intervention by the State (i.e., moving the court to bring forward the suspended portion of his sentence), however, Morgan would have served the imposed period of incarceration in 2002 and would have been released into the community, without any parole supervision. (The suspended portion of the sentence could still be imposed, but only for cause.)

When Morgan was re-incarcerated for having violated the conditions of his parole, defendant, Lance Messenger, was serving as director of the New Hampshire Department of Corrections Sexual Offender Program - a treatment program for inmates convicted of sexual crimes. The program is designed to prevent those inmates from re-offending upon release. In that capacity, Messenger had

2

access to information in the files of those inmates who were taking part in the program, including Morgan.

Based upon his having treated Morgan, and in light of Morgan's criminal sexual history, defendant believed Morgan posed a high risk of recidivism and, if released from prison without adequate supervision, a real danger to the community. Accordingly, upon learning that Morgan had violated the conditions of his parole by, among other things, having unsupervised contact with minor children, defendant contacted both the New Hampshire Parole Board and the Grafton County Attorney, recommending that the State seek to bring forward the suspended portion of Morgan's sentence, so that upon his release from incarceration, the State might impose parole conditions and continue to monitor his behavior.

The Grafton County Attorney responded by bringing an action in state court, seeking to have the suspended portion of plaintiff's sentence imposed. Following a hearing on the matter, at which plaintiff was represented by counsel, the court amended plaintiff's sentencing order as follows:

3

> That portion of the sentence which states "All but 7 year(s) of the maximum sentence is suspended" shall be modified to reflect that "All but 20 year(s) of the maximum sentence is suspended."  All other terms of the February 9, 1996 sentence and February 22, 1996 amendment shall remain in full force and effect.

Notice of Amendment to Sentence, Exhibit G to defendant's memorandum (document no. 45).  Plaintiff is currently incarcerated and serving that sentence.

Without having first filed any type of administrative grievance, plaintiff brought this suit.  See Exhibit H to defendant's memorandum, Affidavit of Barbara Olson (stating that there is no record of any administrative grievance filed by Morgan relating to the subject matter of this suit).  See also LaFauci v. N.H. Dep't of Corr., 2001 DNH 204, 2001 WL 1570932 (D.N.H. Oct. 31, 2001) (describing in detail the New Hampshire Department of Corrections' administrative grievance scheme).  The sole remaining claim of Morgan's complaint alleges that Messenger violated his constitutionally protected right of privacy when Messenger contacted the parole board and county attorney, and disclosed private information from his treatment files.  In short, plaintiff claims that Messenger unlawfully revealed

4

confidential medical information to those parties without his authorization or any legal authority to do so.

Messenger moves for summary judgment, asserting: (1) plaintiff has failed to exhaust his administrative remedies, as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a); (2) even if exhaustion were not required, he had a valid penological interest in releasing information about plaintiff to State authorities and, therefore, plaintiff's constitutional rights were not violated; and (3) even if plaintiff's rights were violated, Messenger is, nevertheless, entitled to the protections afforded by qualified immunity. Because the court agrees that plaintiff failed to exhaust available administrative remedies, it need not (and, in fact, cannot) address the underlying merits of plaintiff's claims or the substantive arguments asserted by Messenger in support of his motion for summary judgment.

**Discussion**

42 U.S.C. § 1997e, as amended by the Prison Litigation Reform Act of 1995 ("PLRA"), provides that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The Supreme Court has held that section 1997(e) requires an inmate to exhaust all available administrative processes before filing a federal suit relating to the conditions of his or her confinement, even if some or all of the relief the inmate seeks is not available through the administrative process. Booth v. Churner, 532 U.S. 731, 734 (2001) ("The question is whether an inmate seeking only money damages must complete a prison administrative process that could provide some sort of relief on the complaint stated, but no money. We hold that he must."). In light of that holding, the Court affirmed the lower court's dismissal, without prejudice, of Booth's Eighth Amendment claims for failure to exhaust.

Although the Supreme Court implicitly concluded that Booth's Eighth Amendment claims (e.g., assault and deliberate indifference to medical needs) related to "prison conditions" and, therefore, were subject to the PLRA's exhaustion

requirement, there appeared to be some debate in various circuits (much, though not all, of it preceding the <u>Booth</u> opinion) as to whether such claims are properly viewed as falling within the scope of the PLRA's exhaustion requirement or, more specifically, the phrase "prison conditions."  That question was resolved by the Court less than a year after it issued the <u>Booth</u> opinion, when it held:

> [T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.

<u>Porter v. Nussle</u>, 534 U.S. 516, 532 (2002).  Consequently, the PLRA's exhaustion requirement applies when the following three criteria are met: (1) the lawsuit was filed by a "prisoner confined in any jail, prison, or other correctional facility"; (2) he or she filed that lawsuit after the effective date of the PLRA (i.e., April 26, 1996); and (3) the lawsuit is "with respect to prison conditions," as that phrase has been defined by the Supreme Court.

Here, the first two conditions are plainly met: Morgan is an inmate at the New Hampshire State Prison (and was incarcerated at the time that Messenger wrote the letters that form the basis of Morgan's claims); and this action was filed in July of 2002, well after the PLRA's effective date. The only real question is whether Morgan's assertion that Messenger violated his constitutionally protected privacy rights by divulging allegedly privileged medical information to the county attorney and parole board is a complaint "with respect to prison conditions." The court concludes that it is.

As was the case in both Booth and Porter, plaintiff's claims involve allegations that an employee of a correctional facility engaged in intentional misconduct that violated his constitutionally protected rights. And, plaintiff's claims plainly involve "prison conditions" insofar as: (1) Messenger acquired the allegedly confidential information from plaintiff's prison medical records and by virtue of having treated plaintiff during the course of his participation in the prison's sexual offender program; and (2) according to plaintiff, Messenger's allegedly improper disclosure of that information affected the

8

"conditions" of plaintiff's confinement by extending the duration of his incarceration - that is to say, plaintiff claims that absent Messenger's allegedly improper disclosure of private medical information, the State would not have sought to amend his sentence by bringing forward 13 years of his suspended sentence.

In sum, plaintiff's claim that Messenger violated his constitutionally protected privacy rights falls squarely within the Supreme Court's definition of a suit relating to "prison conditions" and is, therefore, subject to the PLRA's exhaustion requirement. See, e.g., Petty v. Goord, 2002 WL 31458240 (S.D.N.Y. Nov. 4, 2002) (concluding that an inmate's claim that correctional facility employees violated his constitutional right to privacy by disclosing his HIV-positive status was subject to the PLRA's exhaustion requirement); Ventura Valez v. Administracion de Correccion, 2001 WL 1636815 (D.P.R. Nov. 30, 2001) (dismissing inmate's claim that corrections officials violated his constitutionally protected privacy rights for failure to exhaust). And, because plaintiff did not exhaust available administrative remedies, his claims against Messenger

must be dismissed.  <u>See</u> <u>Medina-Claudio v. Rodriguez-Mateo</u>, 292 F.3d 31, 35-36 (1st Cir. 2002).

## Conclusion

Defendant's motion for summary judgment (document no. 45) is granted in part and denied in part.  To the extent it seeks dismissal of all claims against defendant Lance Messenger on grounds that plaintiff failed to exhaust available administrative remedies, as required by the PLRA, that motion is granted.  In all other respects, it is denied.

The sole remaining claim in plaintiff's complaint - that Messenger violated his constitutionally protected privacy rights - is hereby dismissed, albeit without prejudice.  Plaintiff's motion for subpoena(s) of documents (document no. 43), as well as his motion for reconsideration (document no. 44), are denied. The Clerk of Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

August 27, 2003

cc:  James L. Morgan
     Andrew B. Livernois, Esq.

11